## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MONIQUE A. GUTIERREZ ,

     Plaintiff,                             Case No. 6:23-cv-00650

v.

                                        **JURY TRIAL DEMANDED**

DENEFITS, LLC,

     Defendant.

_____/

## COMPLAINT

The Plaintiff MONIQUE A. GUTIERREZ ("Plaintiff") by and through the undersigned, complains as to the conduct of DENEFITS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") pursuant to Fla. Stat. § 501.201 against Defendant for its unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C.

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Winter Park, Florida.

5. Defendant is a company that provides businesses the ability to offer their customers financing opportunities to facilitate consumer purchases. Defendant is a limited liability company organized under the laws of the state of California with its principal place of business located at 16500 Bake Parkway, Irvine, California 92618.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In approximately November of 2021, Plaintiff had a number of inaccuracies and derogatory information appearing on her credit report, and she began exploring various credit repair options.

8.  Plaintiff subsequently came upon Quick Flip Credit, LLC ("QFC") on Facebook, through which QFC promised to clear up and improve consumer's credit.

9.  Plaintiff subsequently spoke with QFC regarding the nature of its services.

10. QFC represented to Plaintiff that, in exchange for QFC's services, QFC guaranteed that Plaintiff's credit would improve within 6 months of using of QFC's services.

11. QFC represented that it would achieve this improvement by successfully disputing and having the inaccurate and derogatory information removed from Plaintiff's credit report, and QFC affirmatively represented that the information Plaintiff wanted removed would be removed through its efforts.

12. QFC further required Plaintiff to pay upfront for its services, before any services were performed.

13. QFC's upfront fee totaled $2,800.00.

14. Plaintiff was unable to afford QFC's demand for an upfront payment, at which point in time QFC connected Plaintiff with Defendant, who entered into a financing agreement with Plaintiff for the $2,800.00 upfront fee, subject to a 22% interest rate.

15. Defendant provided such financing to Plaintiff without engaging in any credit check or otherwise engaging in any determination of Plaintiff's ability to repay the loan being extended.

16. After receiving the financing from Defendant, QFC failed to perform any of the services it represented it would perform, and instead fraudulently collected Plaintiff's upfront payment, financed through Defendant, without delivering any of the services or results represented.

17. Defendant's conduct in creating financing opportunities for the individuals working with QFC constitutes an act, practice, and course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on Plaintiff and consumers.

18. Defendant's offering of credit to consumers to pay Defendant's unlawful upfront fees for services it does not perform fraudulently and deceptively left Plaintiff to pay for financing she received, and corresponding interest payments, for services that were ultimately never performed.

19. Upon information and belief, Defendant is aware that its financing opportunities result in QFC's direct violation of both state and federal law and is an active participant in QFC's scheme get consumers on the hook for thousands of dollars in fees for services that are ultimately never performed.

20. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish,

pecuniary loss stemming from the payments made in connection with financing received for deficient credit repair services, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of entities working with credit repair organizations.

22. Defendant includes in its contracts with consumers an arbitration clause calling for arbitration demands to be submitted to binding arbitration through the American Arbitration Association ("AAA").

23. In order to vindicate her rights, Plaintiff filed such an action with the AAA on November 28, 2023.

24. However, Defendant refused to participate in that arbitration matter and pay the associated fee, necessitating the filing of the instant litigation.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

25. Plaintiffs repeat and reallege paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

27. Defendant is a "person" as contemplated by the CROA.

#### a. Violations of CROA § 1679b(a)

28. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits **any person** from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), **any**

**person** is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

29. Defendant violated the above provisions of the CROA through its part in the fraud perpetrated against Plaintiff in connection with the credit repair services offered by QFC. Defendant's conduct fraudulently put Plaintiff on the hook for the entirety of QFC's charged fees before any services were performed, which resulted in the attempt to commit a fraud, and commission of a fraud, on Plaintiff by causing her to be subjected to unlawful fees and leaving Plaintiff no ability to recoup such fees if she cancelled her agreement with QFC.

30. Defendant further violated the above provisions of the CROA through its offering of financing opportunities for consumers in connection with services that are never performed. Defendant's offering of financing to Plaintiff resulted in Plaintiff being fraudulently liable for services that were never performed.

WHEREFORE, Plaintiff, MONIQUE A. GUTIERREZ., respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT II– VIOLATIONS OF THE FDUTPA

31. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

32. The transactions giving rise to these claims constitute "trade or commerce" defined by Fla. Stat. § 501.203(8).

33. Pursuant to the FDUTPA § 501.204(1), "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

34. The provisions of the FDUTPA "shall be construed liberally to . . . protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

35. Violations of the FDUTPA further consider the rules promulgated in connection with the Federal Trade Commission Act, the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts, as well as any law, statute, rule, regulation, or ordinance which proscribes

7

unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. *See* Fla. Stat. § 501.203.

36. Defendant violated § 501.204(1) of the FDUTPA through the fraudulent and unfair nature of its conduct discussed above. Defendant engaged in a scheme whereby consumers are left on the hook for thousands of dollars in payments in connection with credit repair services that are not performed in the manner such services are supposed to be performed, facilitating QFC's active violations of federal and state law.

WHEREFORE, Plaintiff, MONIQUE A. GUTIERREZ, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 501.211(2);

c. Enter a declaratory judgment finding that the above referenced conduct is in violation of the above referenced statutes and regulations, pursuant to Fla. Stat. § 501.211(1);

d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. §501.211(1);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to Fla. Stat. §501.2105; and,

f. Award any other relief the Honorable Court deems equitable and just.

Dated: April 10, 2023                                  Respectfully Submitted,

/s/ Franklin A. Jara
Franklin A. Jara, Esq.
Florida Bar No. 636681
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone :(312) 313-1613
Fax: (630) 575-8188
fjara@sulaimanlaw.com