UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONIQUE A. GUTIERREZ,

Plaintiff,                                Case No. 6:23-cv-00650

v.

DENEFITS, LLC,
        Defendant.
_____/

## DEFENDANT'S MOTION TO TRANSFER FOR IMPROPER VENUE AND TO RESERVE RIGHT TO ARBITRATION

Defendant, Denefits LLC ("Defendant"), hereby moves this Court, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the Central District of California due to a forum selection clause agreed upon by the parties. In support of this motion, Defendant states as follows:

1. INTRODUCTION

This motion is predicated on the existence of a valid and enforceable forum selection clause within the contract entered into by the parties which has not been waived.

2. STATEMENT OF FACTS

Defendant is a limited liability company registered and doing business in Orange County, California.  Plaintiff is an individual residing in Florida.  On November 6, 2021, Plaintiff entered into a payment plan contract with Defendant to manage her payments for services provided by Quick Flip Credit, who is a defendant in another lawsuit filed by Plaintiff.  Plaintiff enrolled with Defendant using her name at that time, which was Monique Thompson.  The signed contract contains a forum selection clause that states the following: "**[T]his Agreement and any matters hereunder shall be governed by and construed in accordance with the laws of the State of California, excluding its conflict of law rules. The Customer hereby consents to the exclusive jurisdiction of Orange County and the venue of the courts of the State of California with respect to the resolution of any suit, action, or proceeding hereunder.**" See Exhibit 1, page 12.

3.  LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to another district where it might have been brought for the convenience of parties and witnesses and in the interest of justice.

4. ARGUMENTS

A. Existence of a Forum Selection Clause

The parties agreed to a forum selection clause within their contract dated November 6, 2021, which specifies that any litigation arising out of the contract shall be conducted in Orange County, which falls under the jurisdiction of the Central District of California.

B. Enforceability of the Forum Selection Clause

The forum selection clause is valid, enforceable, and should be honored by this Court.  In *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas,* 571 U.S. 49 (2013), the Supreme Court held that that the proper procedure to enforce a forum selection clause is through a motion to transfer under 28 U.S.C. 1404(a). When such a motion is made, the district court should grant it unless extraordinary circumstances counsel against doing so, Id at 12.

C. Interest of Justice and Convenience

The transfer of this case to the Central District of California is in the interest of justice and will serve the convenience of the parties and witnesses. Defendant further reserves the right to compel arbitration as provided in the agreement between the parties, dated November 6, 2021, which states "**[A]ny dispute, claim, or controversy arising out of or relating to this Agreement or any breach thereof, including any claim that this Agreement or any of its parts is invalid, illegal, voidable, or void, shall be resolved through arbitration administered by the American Arbitration Association (or any like organization successor thereto) in Orange County, California, in accordance with the American Arbitration Association's Commercial Arbitration Rules.**" Exhibit 1, Page 9.

4. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court transfer the present case for improper venue and acknowledge Defendant's reservation of the right to compel arbitration.

5. PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests the Court to:

1. Transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a);
2. Acknowledge Defendant's reservation of the right to compel arbitration; and
3. Grant such other and further relief as the Court deems just and proper.

6. CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, a true and correct copy of the foregoing document was served on Alexander Taylor of the Sulaiman Law Group at via electronic mail to ataylor@sulaimanlaw.com.

*Edward Brandt*

Edward Brant. FBN 12938
1533 Hallam Ct S
Lakeland, FL 33813-1805
Office: 863-224-0720

Counsel for Defendant